IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEMIKO D. McCASTER and JENNIFER CLARK,** on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | **Case No.** |
| **Plaintiffs,** | ) ) | **Judge** |
| v. | ) ) | **Magistrate Judge** |
| **DARDEN RESTAURANTS, INC., AND GMRI, INC.,** | ) ) ) | |
| **Defendants.** | ) | |

**CLASS ACTION COMPLAINT**

Plaintiffs Demiko D. McCaster and Jennifer Clark, on behalf of themselves and all other persons similarly situated, for their Class Action Complaint against Defendants Darden Restaurants, Inc. ("Darden"), and GMRI, Inc. ("GMRI"), state as follows:

**INTRODUCTION**

1. This is a class action under Rule 23, Fed. R. Civ. P. 23, seeking earned vacation pay and interest thereon, and declaratory, injunctive and other equitable relief under the Illinois Wage Payment and Collection Act (IWPCA). 820 ILCS 115/1, *et seq.* This lawsuit is brought on behalf of Named Plaintiffs and all other persons employed by Defendants as hourly employees in Illinois during the applicable limitations period subject to Defendants' hourly vacation policy who were not paid all earned vacation pay as part of their final compensation.

2. This class action is being filed in the United States District Court for the Northern District of Illinois, Eastern Division, in accordance with the jurisdictional provisions of the Class Action Fairness Act of 2005. 28 U.S.C. §1332(d).

1

3. Plaintiffs seek recovery for the period from December 11, 2003, through the date of judgment, as the violations of the IWPCA have been ongoing during this period (the "Class Period"). During the Class Period, Defendants maintained an unlawful vacation policy that denied hourly employees earned vacation time and pay.

**PARTIES**

4. Plaintiff Demiko D. McCaster is a citizen of the State of Illinois, and was employed as an hourly employee at a Red Lobster restaurant in Illinois during the limitations period. As a result of Defendants' policy, Plaintiff forfeited earned vacation upon separation from employment.

5. Plaintiff Jennifer Clark is a citizen of the State of Illinois and was employed as an hourly employee at an Olive Garden restaurant located in Illinois during the limitations period. As a result of Defendants' policy, Plaintiff forfeited earned vacation upon separation from employment.

6. Defendant Darden Restaurants, Inc., is a Florida corporation with its principal place of business at 1000 Darden Center Drive, Orlando, Florida. Darden regularly conducts business in this judicial district, directly and through its subsidiaries, and is authorized to conduct business in the state by the Illinois Secretary of State.

7. For all times relevant to this action, Darden was Plaintiffs' "employer," as that term is defined by the IWPCA. 820 ILCS 115/2.

8. Defendant GMRI, Inc., a Florida corporation that owns and operates restaurants in Illinois, including in this judicial district, under the trade names "Bahama Breeze," "Olive Garden," "Red Lobster," and "Seasons 52." GMRI is authorized to conduct business in the state by the Illinois Secretary of State. GMRI shares its principal place of business with Darden at

1000 Darden Center Drive, Orlando, Florida, and GMRI is a wholly-owned subsidiary of Darden.

9. For all times relevant to this action, GMRI was Plaintiffs' "employer," as that term is defined by the IWPCA. 820 ILCS 115/2.

## JURISDICTION

10. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act. 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## VENUE

11. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. §1391(a)(2), because a substantial part of the events giving rise to the claims occurred in the Northern District of Illinois, Eastern Division.

## FACTUAL BACKGROUND

12. During Plaintiffs' employment, Defendants maintained a vacation policy (the "Policy") for its hourly employees employed in Illinois restaurants. The Policy provides that hourly employees who work a certain number of hours per year are entitled to vacation benefits.

13. Defendants' Policy was intended to operate, and did operate, so that an employee separating from Defendants' employment without completing certain requirements would earn no vacation benefit.

14. In accordance with the Policy, at the time of Plaintiffs' separation from Defendants' employment, Defendants did not pay them earned vacation pay.

## CLASS ALLEGATIONS

15. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23. Fed.R.Civ.P. 23.

16. The Class that Plaintiffs seek to represent comprises all persons employed by Defendants on an hourly basis in Illinois who separated from employment during the limitations period (the "Class").

17. This action has been brought and may properly be maintained as a class action under Rule 23(a) and (b)(3) because:

   a. The Class is so numerous that joinder of all members is impracticable. Defendants employed thousands of employees during the IWPCA Class Period;

   b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation, whether Defendants violated the IWPCA by denying Plaintiffs and the Class their earned vacation time and compensation;

   c. Plaintiffs' claims and Defendants' defenses are typical of the class;

   d. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

   e. The class action is an appropriate method for the fair and efficient adjudication because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. The Class that Plaintiffs seek to represent will include all separated employees who worked at Defendants' Illinois restaurants, which Plaintiffs estimate to be many thousands. As such, Plaintiffs contend on information and belief that the sum of owed vacation wages will exceed $5,000,000.00.

## COUNT I
### (Violation of the Illinois Wage Payment and Collection Act )

Plaintiffs incorporate paragraphs 1 through 18 as though set forth herein.

19. As a term of employment, Defendants afforded Plaintiffs and the Class of hourly employees paid vacation.

20. The operation of Defendants' Policy resulted in the forfeiture of earned vacation pay by Plaintiffs and other hourly employees who separated employment during the limitations period.

21. The IWPCA provides that under 'length of service' vacation policies, vacation benefits are earned proportionately as labor is rendered, and that earned vacation is part of an employee's wages and thus cannot be forfeited. 820 ILCS 115/5; 56 Ill. Admin. Code §300.520; *Golden Bear Family Restaurants, Inc. v. Murray*, 144 Ill. App. 3d 616, 494 N.E.2d 581, 98 Ill. Dec. 459 (1986); *Arrez v. Kelly Services, Inc.*, 522 F. Supp. 2d 997 (N.D. Ill. 2007); *Rosales v. The Placers, Ltd. d/b/a Randstad.* No. 09 C 1706, 2011 U.S. Dist. LEXIS 22036, at *9-11 (N.D. Ill. March 4, 2011); *Ortiz v. Manpower, Inc.,* No. 11-2009, 2012 U.S. Dist. LEXIS 59528, at * 4-6 (C.D. Ill. Apr. 10, 2010).

22. Defendants' Policy is a 'length of service' vacation policy. Defendants' failure to pay separating employees earned vacation pay resulted in a forfeiture of earned compensation that violated the IWPCA.

23. As a result of Defendants' unlawful Vacation Policy, Plaintiffs and Class Members have been denied earned vacation pay.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That the Court certify this action as a class action under Rule 23;

B. That the Court declare that Defendants' vacation policy violated Illinois law by failing to pay hourly employees earned vacation;

C. That the Court enjoin Defendants from using a vacation policy that violates Illinois law;

D. That the Court award Plaintiffs and Class Members all vacation pay due and owing;

E. That the Court award additional damages and prejudgment interest on the vacation pay owed to Plaintiffs and Class Members;

F. That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs; and

G. That the Court award such other and further relief as this Court may deem appropriate.

Dated: December 11, 2013

Respectfully submitted,

DEMIKO D. MCCASTER, JENNIFER CLARK

Jamie G. Sypulski
One of Plaintiffs' Attorneys

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
312/332-6202

Douglas M. Werman
Maureen A. Salas
David E. Stevens
Sarah J. Arendt
Werman Law Office, P.C.
77 West Washington
Suite 1402
Chicago, Illinois 60602
312/419-1008

Attorneys for Plaintiffs

6